IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SAMUEL ENSLEY,

    Petitioner,

v.                                                                                                      Civil Action No. 3:10cv543

GENE JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Samuel Ensley, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Ensley raises five grounds for relief:

| | |
|---|---|
| Claim 1 | Trial counsel rendered ineffective assistance [(a)].[1] |
| Claim 2 | Appellate counsel rendered ineffective assistance [(a)(1)]. (Br. Supp. § 2254 Pet. 1.) |
| Claim 3 | The Commonwealth violated its *Brady* obligations [(b)].[2] (§ 2254 Pet. 7; Br. Supp. § 2254 Pet. 24-25.) |
| Claim 4 | The Supreme Court of the United States issued a new ruling in *Melendez-Diaz v. Massachusetts* [(c)].[3] (§ 2254 Pet. 9; Br. Supp. § 2254 Pet. 10.) |

---

[1] Ensley does not number his claims. After careful review of the record, the Court generally employs Respondent's method of identifying Ensley's claims. For ease of reference, Respondent's numbering of Ensley's claims is placed in brackets after each claim.

[2] *Brady v. Maryland*, 373 U.S. 83 (1963), holds that the prosecution's failure to disclose evidence favorable to the accused and material to guilt or punishment violates due process.

[3] In *Melendez-Diaz*, 129 S. Ct. 2527 (2009), the Supreme Court of the United States "held that the defendant's rights under the Confrontation Clause of the Sixth Amendment were violated when the state introduced a certificate of analysis showing that a substance found in his car tested positive for cocaine, without giving the defendant an opportunity to cross-examine the individual who prepared the certificate." *Wilbourn v. Johnson*, No. 7:09cv00487, 2010 WL 785615, at *5 n.3 (W.D. Va. Mar. 5, 2010) (*citing Melendez-Diaz*, 129 S. Ct. at 2530).

Claim 5 The prosecution engaged in misconduct [(d)] (§ 2254 Pet. 11) by:

    (a) committing a *Brady* violation (Br. Supp. § 2254 Pet. 24-25);

    (b) presenting false testimony to the grand jury (Resp. Mot. Dismiss ¶ 6); and,

    (c) circumventing grand jury procedural law (Resp. Mot. Dismiss ¶ 6).

Respondent filed a motion to dismiss[4] (Docket No. 4) and Ensley responded (Docket No. 12). Both parties have consented to the jurisdiction of the United States Magistrate Judge. (Docket Nos. 10, 11.) The matter is ripe for disposition.

Claims 1, 2, 4, 5(b), and 5(c) are procedurally defaulted. The state court's adjudication of Claims 3 and 5(a) was not unreasonable. Accordingly, the Court will GRANT Respondent's motion to dismiss. (Docket No. 4.) Because Respondent did not address Claims 5(b) and 5(c), the Court will ORDER Ensley to show cause why those Claims should not be dismissed as procedurally defaulted. *Yeats v. Angelone*, 166 F.3d 255, 261-62 (4th Cir. 1999).

## I. PROCEDURAL HISTORY

Ensley was convicted in the Circuit Court for Stafford County ("Circuit Court") for conspiracy to distribute cocaine. On September 6, 2006, the Circuit Court sentenced Ensley to a ten-year term of imprisonment. Ensley appealed.

### A. Direct Appeals

Before the Court of Appeals of Virginia, Ensley raised nine grounds for relief. Petition for Appeal at 4-5, *Ensley v. Commonwealth*, No. 2772-06-4 (Va. Ct. App. filed Jan. 16, 2007). A judge of the Court of Appeals of Virginia granted the petition with regard to only one ground.

---

[4] Respondent also filed a Rule 5 Answer (Docket No. 5), providing Ensley with appropriate *Roseboro* notice. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

Namely, the judge permitted Ensley to appeal regarding whether the Circuit Court erred when it permitted the Commonwealth to introduce statements made by co-conspirators before the Commonwealth sufficiently proved the existence of a conspiracy. *Ensley*, No. 2772-06-4 (Va. Ct. App. May 2, 2007).[5] Nevertheless, the Court of Appeals of Virginia ultimately concluded Ensley was not entitled to relief on this ground. The ground for relief consisted of two arguments. The Court of Appeals of Virginia rejected Ensley's hearsay argument because he did not properly preserve it for appeal and rejected his Confrontation Clause argument on the merits. *Ensley*, No. 2772-06-4 (Va. Ct. App. Apr. 8, 2008).[6]

Thereafter, Ensley appealed to the Supreme Court of Virginia. Petition for Appeal, *Ensley v. Commonwealth*, No. 081087 (Va. filed June 6, 2008). In his petition, Ensley raised five grounds for relief.[7] The Supreme Court of Virginia summarily refused his petition for appeal. *Ensley*, No. 081087 (Va. Sept. 24, 2008).

---

[5] The other eight grounds for relief, which are not dispositive to the present § 2254 petition, were denied on the merits or on procedural grounds. Ensley demanded a three-judge panel to rule on the remaining eight grounds in his petition for appeal. A three-judge panel denied a petition for appeal on those eight grounds. *Ensley*, No. 2772-06-4 (Va. Ct. App. Oct. 5, 2007).

[6] Ensley petitioned for rehearing *en banc*, which the Court of Appeals of Virginia denied. *Ensley*, No. 2772-06-4 (Va. Ct. App. May 7, 2008).

[7] Of the five grounds raised, Ensley only raises ground three in his § 2254 petition. The five grounds for relief are as follows: (1) Insufficient evidence was presented to support a conviction for conspiracy to distribute a controlled substance, (2) the Circuit Court erred when it permitted the Commonwealth to introduce statements made by co-conspirators; (3) the Circuit Court erred when it permitted the testimony of witnesses when the Commonwealth failed to provide impeachment material in a timely manner; (4) the Circuit Court erred when it permitted the Commonwealth to introduce evidence concerning the distribution of drugs which occurred prior to Ensley's involvement in the conspiracy; and, (5) the Circuit Court erred when it permitted a detective to testify regarding the number of telephone calls made to a co-conspirator's telephone.

3

## B. State Habeas Proceedings

Ensley filed a petition for a writ of habeas corpus with the Circuit Court. Petition for Writ of Habeas Corpus, *Ensley v. Johnson*, No. CL09000988-00 (Va. Cir. Ct. filed Aug. 18, 2009) ("State Habeas Pet."). Ensley raised eleven grounds for relief:

| | |
|---|---|
| State Claim A(1) | The Commonwealth "prosecuted through the use of unconstitutional statutes,"[8] including Virginia Code §§ 19.2-187 and 4.1-352. (State Habeas Pet. 4.)[9] |
| State Claim A(2) | "The Commonwealth surprised the defense with witnesses not revealed to the defense until the day of trial, in addition to the use of video tape." (State Habeas Pet. 4.) |
| State Claim A(3) | "Defendant did not receive a copy of the certificate of analysis until the day of trial." (State Habeas Pet. 4.) |
| State Claim A(4) | "Violation of the *Brady* rule." (State Habeas Pet. 4.) |
| State Claim B(1) | "Commonwealth failed to comply with defense's discovery request, and then on the day of trial, Commonwealth introduced witnesses and other evidence that was to be given the defense on discovery." (State Habeas Pet. 5.) |
| State Claim B(2) | "Prosecutorial Misconduct- The Commonwealth failed to comply with the strict compliance mandates of the Code of Virginia § 19.2-187." (State Habeas Pet. 5.) |
| State Claim B(3) | "Prosecutorial Misconduct- Commonwealth prejudiced the defendant when it introduced evidence of criminal activity which defendant was not made aware of prior to trial." (State Habeas Pet. 5.) |
| State Claim B(4) | "Introducing hearsay evidence." (State Habeas Pet. 5.) |

---

[8] Capitalization and spacing has been corrected in quotations to Ensley's submissions.

[9] Ensley did not number the pages of his state habeas petition. The Court employs the handwritten numbers on the bottom of the pages as they appear in the record transferred to the Court.

4

| | |
|---|---|
| State Claim C(1) | Trial counsel was ineffective when he failed to move the Circuit Court for dismissal of the indictment when the Commonwealth failed to comply with the discovery request and order. |
| State Claim C(2) | Trial counsel was ineffective when he failed to object to incomplete jury instructions. |
| State Claim C(3) | Trial counsel was ineffective when he failed to move the Circuit Court for a continuance prior to trial to allow for a suppression hearing. |

For the most part, the labels of these claims were the entire extent of his presentation of these claims to the Circuit Court. The Circuit Court found State Claims A(1), A(2), A(3), A(4), B(1), B(2), B(3), and B(4) procedurally barred by *Slayton* because they could have been raised on direct appeal, but were not.[10] The Circuit Court rejected State Claims C(1), C(2), and C(3) because Ensley failed to satisfy *Strickland*'s[11] two-prong inquiry.

Thereafter, Ensley appealed the Circuit Court's denial of his habeas petition to the Supreme Court of Virginia. In his petition for appeal, Ensley raised five grounds for relief.[12]

---

[10] *Slayton v. Parrigan*, 215 Va. 27, 30 (1974). The Circuit Court also found State Claims A(2), A(4), B(1), B(3), and B(4) barred by the rule of *Henry v. Warden*, 576 S.E.2d 495, 496 (Va. 2003), and *Hawks v. Cox*, 175 S.E.2d 271, 274 (Va. 1970), to the extent they sought to renew arguments rejected on direct appeal.

[11] *Strickland v. Washington*, 466 U.S. 668, 687 (1984), permits a finding of ineffective assistance only when the attorney's conduct is deficient and such performance prejudices the petitioner. *Id.*

[12] Ensley's five assignments of error are as follows: (1) The Circuit Court erred when it denied Ensley's state habeas petition without a hearing; (2) the Circuit Court erred when it denied Ensley's state habeas petition without it being reviewed pursuant to Virginia Code § 8.01-654; (3) the Circuit Court erred when it denied Ensley's state habeas petition without properly scheduling hearings; (4) the Circuit Court erred when it denied Ensley's state habeas petition when it failed to rule on his Confrontation Clause and compulsory process arguments; and, (5) the Circuit Court erred when it dismissed Ensley's state habeas petition without ordering a response from Ensley's trial counsel. It is doubtful that Ensley properly presented any ineffective

The Supreme Court of Virginia summarily refused Ensley's petition for appeal. *Ensley v. Johnson*, No. 100179 (Va. May 25, 2010).

### C. Federal Habeas Proceedings

On August 2, 2010, this Court received Ensley's petition for a writ of habeas corpus. (Docket No. 1.) As previously noted, Ensley raises five primary grounds for relief.

Respondent has moved to dismiss Claims 1, 2, and 4 on the ground that they are procedurally defaulted because they could have been, but were not, fairly presented to the Supreme Court of Virginia.[13] (Br. Supp. Mot. Dismiss ¶¶ 4-6.) Respondent has moved to dismiss Claims 3 and 5(a) on the ground that the Court of Appeals of Virginia's determination of the alleged *Brady* violation was not unreasonable. Respondent does not address Claims 5(b) and 5(c), but the Court finds them procedurally defaulted. *Yeats*, 166 F.3d at 261-62.

## II. ANALYSIS

### A. Exhaustion and Procedural Default

State exhaustion "'is rooted in considerations of federal-state comity,'" and in congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged

---

assistance of counsel claim to the Supreme Court of Virginia with the foregoing assignments of error. *Olajuwon v. Johnson*, No. 3:08CV268, 2009 WL 2434882, at *4 (E.D. Va. Aug. 6, 2009) (*citing Friedline v. Commonwealth*, 576 S.E.2d 491, 494 (Va. 2003)).

[13] In the alternative, Respondent has moved to dismiss Claims 1(g), 1(h), and 1(n) on the ground that the Supreme Court of Virginia's determination of those claims, or ones very similar to them, was not unreasonable. (Br. Supp. Mot. Dismiss ¶¶ 4, 5.)

violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize "all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state's courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (*quoting Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles must be presented to the state court.'" *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (*quoting Matthews*, 105 F.3d at 911). Thus, "the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." *Id.* (*citing Duncan*, 513 U.S. at 366); *see Gray v. Netherland*, 99 F.3d 158, 162-64 (4th Cir. 1996) (concluding petitioner had not fairly presented his legal argument to the state courts). "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews*, 105 F.3d at 911 (*citing Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1).[14] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

B. <u>Claims 1, 2, 5(b) And 5(c) Are Procedurally Defaulted</u>

In Claims 1 and 2, Ensley raises a host of arguments alleging that he received ineffective assistance of trial and appellate counsel.[15] In Claims 5(b) and 5(c), Ensley claims "prosecutorial

---

[14] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Matthews*, 105 F.3d at 911 (*citing Sweezy v. Garrison*, 694 F.2d 331, 331 (4th Cir. 1982)).

[15] Regarding Claim 1, Ensley contends trial counsel rendered ineffective assistance by: (a) failing to raise the issue of admissibility of the certificate of analysis [(a)(1)] (Br. Supp. § 2254 Pet. 1); (b) failing to call the clerk of the circuit court as a witness to show the inadmissibility of the certificate of analysis [(a)(2)] (Br. Supp. § 2254 Pet. 2); (c) failing to demand cross-examination of the person who analyzed the drug [(a)(3)] (Br. Supp. § 2254 Pet. 2); (d) improperly assuring Ensley that trial counsel had a friendship with the prosecutor and that the prosecutor's open-file policy negated the need to undergo formal discovery [(a)(4)] (Br.

misconduct" for the Commonwealth's alleged transgressions during grand jury proceedings. (Resp. Mot. Dismiss ¶ 6.)

These claims have not been presented to the Supreme Court of Virginia.[16] If Ensley attempted to do so now, he would be barred by section 8.01-654(B)(2) of the Virginia Code.[17] That provision provides, in pertinent part, that a petition for writ of habeas corpus "shall contain all allegations the facts of which are known to petitioner at the time of filing . . . . No writ shall

---

Supp. § 2254 Pet. 11); (e) inadequately investigating, failing to interview witnesses, and failing to present an alibi defense [(a)(5)] (Br. Supp. § 2254 Pet. 11-12); (f) inadequately conferring with Ensley prior to trial [(a)(6)] (Br. Supp. § 2254 Pet. 13); (g) being surprised by the Commonwealth's statement at the outset of trial that the Commonwealth was ready to proceed, in part by the Commonwealth's reliance on evidence never provided to the defense [(a)(7)(1)] (Br. Supp. § 2254 Pet. 14); (h) failing to seek a continuance until the second day of trial [(a)(7)(2)] (Br. Supp. § 2254 Pet. 15); (i) improperly objecting to the Commonwealth's failure to establish a *prima facie* case that a conspiracy existed [(a)(8)] (Br. Supp. § 2254 Pet. 16); (j) failing to object when a witness provided hearsay testimony [(a)(9)] (Br. Supp. § 2254 Pet. 16-17); (k) failing to challenge hearsay testimony by a second prosecution witness [(a)(10)] (Br. Supp. § 2254 Pet. 18); (l) failing to object to testimony regarding another offense [(a)(11)] (Br. Supp. § 2254 Pet. 18-19); (m) failing to challenge the sufficiency of the evidence regarding whether a conspiracy existed [(a)(12)] (Br. Supp. § 2254 Pet. 23); (n) failing to argue a *Brady* violation [(a)(13)] (Br. Supp. § 2254 Pet. 24); and, (o) failing to argue that Ensley's indictment was generic, which allowed the Commonwealth to circumvent procedures governing grand jury indictments [(a)(14)] (Br. Supp. § 2254 Pet. 25).

[16] Although Ensley did raise some ineffective assistance of counsel claims before the Circuit Court on habeas, those claims are distinct from Claims 1 and 2 in the § 2254 petition. Even if they were identical, however, they would still be barred from review here because Ensley did not present them to the Supreme Court of Virginia. *Whitley v. Bair*, 802 F.2d 1487, 1500 (4th Cir. 1986) ("[F]ailure to appeal claims disposed of by a state habeas trial court constitutes a procedural bar to further federal review of such claims." (*citing Mason v. Procunier*, 748 F.2d 852 (4th Cir. 1984))); *see also Olajuwon*, 2009 WL 2434882, at *4 (*citing Friedline*, 576 S.E.2d at 494).

[17] In Ensley's § 2254 petition, he asserts that he raised Claims 1, 2, 3, 4, and 5 in his appeal to the Supreme Court of Virginia from the Circuit Court's denial of his petition for writ of habeas corpus. (§ 2254 Pet. 7 ¶ (d)(5); *id.* at 8 ¶ (d)(5); *id.* at 10 ¶ (d)(5); *id.* at 12 ¶ (d)(5).) The record refutes this assertion. Petition for Appeal at 3, *Ensley*, No. 100179 (Va. filed Jan. 7, 2010).

be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Va. Code Ann. § 8.01-654(B)(2). Section 8.01-654(B)(2) constitutes an adequate and independent procedural bar under these circumstances. *See George v. Angelone*, 100 F.3d 353, 363-64 (4th Cir. 1996). Thus, Ensley is procedurally barred from raising Claims 1, 2, 5(b) and 5(c) here absent a showing of cause and prejudice or a fundamental miscarriage of justice. *Breard*, 134 F.3d at 619 (*citing Coleman*, 501 U.S. at 735 n.1).

"[C]ause" refers to "some objective factor external to the defense [that] impeded counsel's [or petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n.24 (1999) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)). As cause for his default, Ensley alleges the following: (1) He did not receive a copy of the defense file until after filing in Circuit Court (§ 2254 Pet. 6; Resp. Mot. Dismiss ¶ 10); (2) the institutional attorney only visits once a month and has no clear knowledge of filing petitions (§ 2254 Pet. 6, 8); (3) law clerks have no training in law (§ 2254 Pet. 6); (4) the law library is inadequate (§ 2254 Pet. 6, 8); (5) Ensley is not a lawyer, so his legal research takes time (§ 2254 Pet. 6); (6) extraordinary circumstances beyond Ensley's control precluded him from raising his present issues below (Resp. Mot. Dismiss ¶ 2); and, (7) Ensley's lawyer provided ineffective assistance (Resp. Mot. Dismiss ¶ 9).

Regarding Ensley's claims of ineffective assistance, which provide the factual underpinnings for several other assertions of cause,[18] such claims fail. Ensley's claims of

---

[18] For example, it appears that a claim of ineffective assistance of counsel undergirds Ensley's allegation that Ensley did not receive a copy of the defense file until after filing in Circuit Court. (Resp. Mot. Dismiss ¶ 10.) Even as an independent assertion of cause, this allegation fails because Ensley failed to raise the issue before the Supreme Court of Virginia in his petition appealing the Circuit Court's denial of his petition for a writ of habeas corpus. *See,*

ineffective assistance of counsel are defaulted and cannot serve as cause to excuse the default of any of Ensley's other claims. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000). Ensley's remaining assertions of cause also fail. An inadequate prison library and legal assistance procedures may not establish cause unless Ensley, himself, was denied access to the library. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). Ensley has not made such an argument.

Ensley has not demonstrated cause for his default. Accordingly, Claims 1 and 2 will be DISMISSED. Ensley will be ORDERED to show good cause within fifteen (15) days of the date of entry hereof why Claims 5(b) and 5(c) should not be dismissed as procedurally defaulted. *Yeats*, 166 F.3d at 261-62.

### C. Claim 4 Is Procedurally Defaulted

In Claim 4, Ensley asserts, "The United States Supreme Courts new ruling in Melendez Diaz v. Mass (June 2009)." (§ 2254 Pet. 9 (all errors in the original).) *Melendez-Diaz* rendered unconstitutional the application of statutes like former Virginia Code § 19.2-187. (Br. Supp. § 2254 Pet. 10); *see Cypress v. Commonwealth*, 699 S.E.2d 206, 212 (Va. 2010); *Barnes v. Warden*, No. 7:10-cv-544, 2011 WL 1428088, at *5-6 (W.D. Va. Apr. 13, 2011). Former Virginia Code § 19.2-187 "provided that a certificate of analysis was admissible at trial as evidence of the facts stated therein and the results of the analysis" if certain conditions were met. *Cypress*, 699 S.E.2d at 208. Ensley concludes that any conviction predicated on former Virginia Code § 19.2-187 therefore must be void. (Br. Supp. § 2254 Pet. 10.)

---

*e.g., Mize v. Hall*, 532 F.3d 1184, 1193 (11th Cir. 2008) (holding that procedural default cannot be excused if, after the cause occurred, the petitioner still had an opportunity to assert the claim in state court (*citing Interiano v. Dormire*, 471 F.3d 854, 857 (8th Cir. 2006); *Dellinger v. Bowen*, 301 F.3d 758, 766-67, 767 n.10 (7th Cir. 2002))).

11

Ensley raised this issue before the Supreme Court of Virginia in his appeal from the Circuit Court's denial of his petition for a writ of habeas corpus. *See* Petition for Appeal at 4, *Ensley*, No. 100179. The Supreme Court of Virginia summarily refused his petition for appeal. The Circuit Court, however, dismissed the claim as procedurally defaulted pursuant to *Slayton* because it could have been raised on direct appeal.[19] *Slayton* is an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, Claim 4 is procedurally defaulted. To the extent Ensley attempts to assert cause for his default, those assertions are rejected for the reasons previously stated with regard to Claims 1, 2, 5(b), and 5(c). Claim 4 will be DISMISSED.[20]

### D. The State Court's Adjudication Of Claims 3 and 5(a) Was Not Unreasonable

In Claims 3 and 5(a), Ensley claims that the Commonwealth violated its *Brady* obligations. Ensley raised this claim before the Supreme Court of Virginia on direct appeal. *See* Petition for Appeal at 18, *Ensley*, No.081087 (Va. filed June 6, 2008). Ensley claimed that "the Commonwealth failed to disclose exculpatory evidence concerning several of its witnesses until just before trial. Specifically, the Commonwealth failed to disclose[] the plea agreement and

---

[19] Because the Supreme Court of Virginia summarily rejected Ensley's petition for appeal, it is presumed that it dismissed Ensley's claims for the reasons stated by the Circuit Court. *See White v. Johnson*, No. 2:05cv365, 2006 WL 2520113, at *4 (E.D. Va. Aug. 25, 2006) (*citing Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).

[20] *Melendez-Diaz* was decided during the pendency of Ensley's state habeas proceedings. Even if the *Melendez-Diaz* claim were not defaulted, Ensley would not be entitled to habeas relief because *Melendez-Diaz* "'does not apply retroactively to cases on collateral review.'" *Wilbourn*, 2010 WL 785615, at *5 (*quoting Newsome v. Superintendent*, No. 3:09 CV 92 JM, 2010 WL 597943, at *3 (N.D. Ind. Feb. 17, 2010)).

12

prior conviction of [Witness] McQuillar and the plea agreement of [Witness] Stotmesiter."

Petition for Appeal at 19, *Ensley*, No. 081087 (Va. filed June 6, 2008).

The Court of Appeals of Virginia addressed this claim on direct appeal:[21]

> On the day of trial, defense counsel learned that McQuillar and Stotmesiter had entered into plea agreements before either witness testified. Appellant contends the trial court erred in allowing the Commonwealth to present witness testimony when it failed to provide this exculpatory material in a timely manner.
> "*Brady* [*v. Maryland*, 373 U.S. 83 (1963),] recognized . . . that due process imposes upon the state an affirmative duty to disclose evidence that tends to exculpate an accused." *Moreno v. Commonwealth*, 10 Va. App. 408, 415 (1990). "The Supreme Court has rejected any distinction between impeachment and exculpatory evidence, holding that 'impeachment evidence . . . as well as exculpatory evidence falls within the *Brady* rule.'" *Waters v. Commonwealth*, 43 Va. App. 636, 658 (2004) (quoting *United States v. Bagley*, 473 U.S. 667, 676 (1985)). Under *Brady*, "[a] defendant is entitled to 'sufficient time to investigate and evaluate the evidence in preparation for trial.'" *Bramblett v. Commonwealth*, 257 Va. 263, 276 (1999) (quoting *Lomax v. Commonwealth*, 228 Va. 168, 172 (1984)). "If exculpatory evidence is obtained in time for it to be used effectively by the defendant, and there is no showing that an accused has been prejudiced, there is no due process violation." *Id.* at 277 (citation omitted).
> Here, defense counsel was informed of McQuillar's and Stotmesiter's plea agreements as they occurred and learned of the witnesses' prior convictions before cross-examining them. There was therefore no indication of prejudice. Accordingly, the trial court did not err in allowing McQuillar and Stotmesiter to testify.

*Ensley*, No. 2772-06-4, at 2-3 (alterations in original) (parallel citations omitted). The state court's adjudication of this claim neither (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," nor (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Accordingly, Claims 3 and 5(a) will be DISMISSED.

---

[21] Because the Supreme Court of Virginia summarily rejected Ensley's petition for appeal, it is presumed that it dismissed Ensley's claims for the reasons stated by the Court of Appeals of Virginia. *See White*, 2006 WL 2520113, at *4 (*citing Ylst*, 501 U.S. at 803).

13

## III. CONCLUSION

For the reasons stated above, Respondent's Motion to Dismiss (Docket No. 4) will be GRANTED. With the exception of Claims 5(b) and 5(c), Ensley's claims will be DISMISSED. Ensley's motion to grant the writ (Docket No. 9) will be DENIED. Ensley's motion for sanctions (Docket No. 8) will be DENIED.[22] Ensley will be DIRECTED to show good cause within fifteen (15) days of the date of entry hereof why Claims 5(b) and 5(c) should not be dismissed as procedurally defaulted.

An appropriate Order will accompany this Memorandum Opinion.

/s/ M. Hannah Lauck
M. Hannah Lauck
United States Magistrate Judge

Date: 7-1-11
Richmond, Virginia

---

[22] Ensley moved for sanctions and moved for the Court to grant the writ based on the untimeliness of Respondent's motion to dismiss. The Court DEEMS Respondent's motion to dismiss timely filed.

14