IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SAMUEL ENSLEY,

     Petitioner,

v.                                                                           Civil Action No. **3:10cv543**

GENE JOHNSON,

     Respondent.

## MEMORANDUM OPINION

Samuel Ensley, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By Order entered on July 1, 2011, the Court dismissed the following claims:

| | | |
|---|---|---|
| Claim 1 | Trial counsel rendered ineffective assistance. | |
| Claim 2 | Appellate counsel rendered ineffective assistance. | |
| Claim 3 | The Commonwealth violated its *Brady* obligations. | |
| Claim 4 | The Supreme Court of the United States issued a new ruling in *Melendez-Diaz v. Massachusetts.*[1] | |
| Claim 5 | The prosecution engaged in misconduct by: | |
| | (a) committing a *Brady* violation (Br. Supp. § 2254 Pet. 24-25); | |

The July 1, 2011 Order also directed Ensley to show cause within fifteen (15) days why the following claim should not be dismissed as procedurally defaulted:

---

[1] In *Melendez-Diaz*, 129 S. Ct. 2527 (2009), the Supreme Court of the United States "held that the defendant's rights under the Confrontation Clause of the Sixth Amendment were violated when the state introduced a certificate of analysis showing that a substance found in his car tested positive for cocaine, without giving the defendant an opportunity to cross-examine the individual who prepared the certificate." *Wilbourn v. Johnson*, No. 7:09cv00487, 2010 WL 785615, at *5 n.3 (W.D. Va. Mar. 5, 2010) (*citing Melendez-Diaz*, 129 S. Ct. at 2530).

Claim 5        The prosecution engaged in misconduct by:

(b) presenting false testimony to the grand jury; and,

(c) circumventing grand jury procedural law.

Ensley timely responded by filing a "Petitioner's Response To The Magistrate Judges Report." ("Petitioners Response" (Docket No. 16).) Ensley has also filed a Petition for Mandamus to Compel Discovery. (Docket No. 17.) The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

Ensley was convicted in the Circuit Court for Stafford County ("Circuit Court") for conspiracy to distribute cocaine.[2] On September 6, 2006, the Circuit Court sentenced Ensley to a ten-year term of imprisonment. Ensley appealed.

### A.     **Direct Appeals**

Ensley raised nine grounds for relief in the Court of Appeals of Virginia. Petition for Appeal at 4-5, *Ensley v. Commonwealth*, No. 2772-06-4 (Va. Ct. App. filed Jan. 16, 2007). A judge of the Court of Appeals of Virginia granted Ensley's petition as to only one ground.[3] The ground on which appeal was granted challenged whether the Circuit Court erred when it permitted the Commonwealth to introduce statements made by co-conspirators before the Commonwealth sufficiently proved the existence of a conspiracy. *Ensley*, No. 2772-06-4 (Va. Ct. App. May 2, 2007). Ensley advanced two separate arguments in favor of the inadmissibility

---

[2] Though the Court recited this procedural history in its prior Memorandum Opinion, *Ensley v. Johnson*, No. 3:10CV543, at 2-6 (E.D. Va. July 1, 2011), the Court repeats the recitation for ease of analysis.

[3] The other eight grounds for relief, which are not dispositive to the present § 2254 petition, were denied on the merits or on procedural grounds. Ensley demanded a three-judge panel to rule on the remaining eight grounds in his petition for appeal. A three-judge panel denied a petition for appeal on those eight grounds. *Ensley*, No. 2772-06-4 (Va. Ct. App. Oct. 5, 2007).

of the co-conspirators' statements, a hearsay argument and a Confrontation Clause[4] argument. The Court of Appeals of Virginia ultimately concluded Ensley was not entitled to relief. The Court of Appeals of Virginia rejected Ensley's hearsay argument because he did not properly preserve it for appeal and rejected his Confrontation Clause argument on the merits. *Ensley*, No. 2772-06-4 (Va. Ct. App. Apr. 8, 2008).[5]

Ensley next filed a petition for appeal in the Supreme Court of Virginia raising five seperate grounds for relief.[6] Petition for Appeal, *Ensley v. Commonwealth*, No. 081087 (Va. filed June 6, 2008). The Supreme Court of Virginia summarily refused to grant his petition for appeal. *Ensley*, No. 081087 (Va. Sept. 24, 2008).

---

[4] "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. Const. amend. VI.

[5] Ensley petitioned for rehearing *en banc*, which the Court of Appeals of Virginia denied. *Ensley*, No. 2772-06-4 (Va. Ct. App. May 7, 2008).

[6] In the instant § 2254 Petition, Ensley raises only one of the five grounds raised in his petition for appeal to the Supreme Court of Virginia (that the Circuit Court erred when it permitted the testimony of witnesses when the Commonwealth failed to provide impeachment material in a timely manner). The other four grounds for relief presented to the Supreme Court of Virginia on direct appeal were as follows:

(1) Insufficient evidence was presented to support a conviction for conspiracy to distribute a controlled substance,
(2) the Circuit Court erred when it permitted the Commonwealth to introduce statements made by co-conspirators;
(3) the Circuit Court erred when it permitted the Commonwealth to introduce evidence concerning the distribution of drugs which occurred prior to Ensley's involvement in the conspiracy; and,
(4) the Circuit Court erred when it permitted a detective to testify regarding the number of telephone calls made to a co-conspirator's telephone.

B.    **State Habeas Proceedings**

Ensley filed a petition for a writ of habeas corpus with the Circuit Court.  Petition for

Writ of Habeas Corpus, *Ensley v. Johnson*, No. CL09000988-00 (Va. Cir. Ct. filed Aug. 18,

2009) ("State Habeas Pet.").  Ensley raised eleven grounds for relief:

| | |
|---|---|
| State Claim A(1) | The Commonwealth "prosecuted through the use of unconstitutional statutes,"[7] including Virginia Code §§ 19.2-187 and 4.1-352. (State Habeas Pet. 4.)[8] |
| State Claim A(2) | "The Commonwealth surprised the defense with witnesses not revealed to the defense until the day of trial, in addition to the use of video tape." (State Habeas Pet. 4.) |
| State Claim A(3) | "Defendant did not receive a copy of the certificate of analysis until the day of trial." (State Habeas Pet. 4.) |
| State Claim A(4) | "Violation of the *Brady* rule." (State Habeas Pet. 4.) |
| State Claim B(1) | "Commonwealth failed to comply with defense's discovery request, and then on the day of trial, Commonwealth introduced witnesses and other evidence that was to be given the defense on discovery." (State Habeas Pet. 5.) |
| State Claim B(2) | "Prosecutorial Misconduct- The Commonwealth failed to comply with the strict compliance mandates of the Code of Virginia § 19.2-187." (State Habeas Pet. 5.) |
| State Claim B(3) | "Prosecutorial Misconduct- Commonwealth prejudiced the defendant when it introduced evidence of criminal activity which defendant was not made aware of prior to trial." (State Habeas Pet. 5.) |
| State Claim B(4) | "Introducing hearsay evidence." (State Habeas Pet. 5.) |
| State Claim C(1) | Trial counsel was ineffective when he failed to move the Circuit Court for dismissal of the indictment when the |

---

[7] Capitalization and spacing has been corrected in quotations to Ensley's submissions.

[8] Ensley did not number the pages of his state habeas petition.  The Court employs the handwritten numbers on the bottom of the pages as they appear in the record transferred to the Court.

4

|  | Commonwealth failed to comply with the discovery request and order. |
|---|---|
| State Claim C(2) | Trial counsel was ineffective when he failed to object to incomplete jury instructions. |
| State Claim C(3) | Trial counsel was ineffective when he failed to move the Circuit Court for a continuance prior to trial to allow for a suppression hearing. |

For the most part, the labels of these claims constituted the entirety of Ensley's claims to the Circuit Court. The Circuit Court found State Claims A(1), A(2), A(3), A(4), B(1), B(2), B(3), and B(4) procedurally barred by *Slayton* because they could have been raised on direct appeal, but were not.[9] The Circuit Court rejected State Claims C(1), C(2), and C(3) because Ensley failed to satisfy *Strickland*'s[10] two-prong inquiry.

Ensley then appealed the Circuit Court's denial of his habeas petition to the Supreme Court of Virginia. In his petition for appeal, Ensley raised five grounds for relief.[11] The

---

[9] *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974). The Circuit Court also found State Claims A(2), A(4), B(1), B(3), and B(4) barred by the rule of *Henry v. Warden*, 576 S.E.2d 495, 496 (Va. 2003), and *Hawks v. Cox*, 175 S.E.2d 271, 274 (Va. 1970), to the extent they sought to renew arguments rejected on direct appeal.

[10] *Strickland v. Washington*, 466 U.S. 668, 687 (1984), permits a finding of ineffective assistance only when the attorney's conduct is deficient and such performance prejudices the petitioner. *Id.*

[11] Ensley's five assignments of error were as follows: (1) The Circuit Court erred when it denied Ensley's state habeas petition without a hearing; (2) the Circuit Court erred when it denied Ensley's state habeas petition without it being reviewed pursuant to Virginia Code § 8.01-654; (3) the Circuit Court erred when it denied Ensley's state habeas petition without properly scheduling hearings; (4) the Circuit Court erred when it denied Ensley's state habeas petition when it failed to rule on his Confrontation Clause and compulsory process arguments; and, (5) the Circuit Court erred when it dismissed Ensley's state habeas petition without ordering a response from Ensley's trial counsel. It is doubtful that Ensley properly presented any ineffective assistance of counsel claim to the Supreme Court of Virginia with the foregoing assignments of error. *Olajuwon v. Johnson*, No. 3:08CV268, 2009 WL 2434882, at *4 (E.D. Va. Aug. 6, 2009) (*citing Friedline v. Commonwealth*, 576 S.E.2d 491, 494 (Va. 2003)).

Supreme Court of Virginia summarily refused Ensley's petition for appeal. *Ensley v. Johnson*, No. 100179 (Va. May 25, 2010).

### C.     Federal Habeas Proceedings

On August 2, 2010, this Court received Ensley's petition for a writ of habeas corpus. (Docket No. 1.) Ensley raised five primary grounds for relief. As previously noted, the July 1, 2011 Order granted Respondent's Motion to Dismiss on all claims except Claims 5(b) and 5(c). (Docket No. 15.) Ensley was ordered to show cause why Claims 5(b) and 5(c) should not be dismissed as procedurally defaulted. Ensley filed his Response on July 15, 2011. (Docket No. 16.)

## II. ANALYSIS

### A.     Ensley's Response to the Magistrate Judge's Report

The Court notes that the vast majority of Ensley's response challenges the Court's July 1, 2011 Memorandum Opinion and Order disposing of Claims 1 through 5(a). Because Ensley presented multiple claims for relief and the July 1, 2011 Memorandum Opinion and Order adjudicated some of Ensley's claims, the Court will consider the portions of the response which challenge the July 1, 2011 Memorandum Opinion and Order as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 54(b). Fed. R. Civ. P. 54(b); *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003) (*citing Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991)).

Motions for reconsideration generally should be limited to instances where:

the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . . [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]. Such problems rarely arise and the motion to reconsider should be equally rare.

6

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *accord United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997). The United States Court of Appeals for the Fourth Circuit has indicated that reconsideration is also appropriate where "'a subsequent trial produces substantially different evidence'" or "'the prior decision was clearly erroneous and would work manifest injustice.'" *Am. Canoe Ass'n*, 326 F.3d at 515 (*quoting Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988)). Ensley has not demonstrated that any of the above circumstances apply to Claims 1 through 5(a). The courts do not entertain motions to reconsider which ask the Court to "rethink what the Court had already thought through--rightly or wrongly." *Above the Belt, Inc.*, 99 F.R.D. at 101. Nevertheless, given Ensley's *pro se* status, the Court will address briefly each of Ensley's contentions concerning these claims.

This Court dismissed Claims 1 and 2 as procedurally defaulted because Ensley did not present them to the Supreme Court of Virginia. *Ensley v. Johnson*, 3:10cv543, 2011 WL 2607164, at *4 (E.D. Va. July 1, 2011). Ensley raised these two claims in the Circuit Court on habeas, but not in the appeal to the Supreme Court of Virginia. *Id.* at *4 n.16. A claim raised in a circuit court in a habeas proceeding, but not appealed to the Supreme Court of Virginia, is deemed defaulted. *See Justus v. Murray*, 897 F.2d 709, 712 (4th Cir. 1990); *Whitley v. Bair*, 802 F.2d 1487, 1500 (4th Cir. 1986) ("[F]ailure to appeal claims disposed of by a state habeas trial court constitutes a procedural bar to further federal review of such claims." (*citing Mason v. Procunier*, 748 F.2d 852 (4th Cir. 1984))). Nevertheless, Ensley argues that, during his appeal of the state habeas, the Supreme Court of Virginia "had the entire record [from the trial court] before them" and thus, had all of his claims from the Circuit Court properly before them.

7

(Pet'r's Resp. 1.) However, for a claim to be fairly presented on appeal to the Supreme Court of Virginia, it must have been assigned as an error by petitioner. Va. Sup. Ct. R. 5:17(c).[12] Because Ensley failed to assign error to the Circuit Court's denial of his claims of ineffective assistance of counsel, he never fairly presented them to the Supreme Court of Virginia. *Hedrick v. True*, 443 F.3d 342, 363 (4th Cir. 2006) (concluding failure to comply with Va. Sup. Ct. R. 5:17(c) constitutes a procedural default). The Court's decision in the July 1, 2011 Memorandum Opinion stands.[13] *Ensley*, 2011 WL 2607164, at *4.

The Court dismissed Claim 4 as procedurally defaulted because the Supreme Court of Virginia dismissed the claim as procedurally defaulted pursuant to *Slayton*.[14] *Ensley*, 2011 WL 2607164, at *5. Ensley asserts that the Circuit Court, in dismissing this claim, incorrectly applied *Slayton*. (Pet'r's Resp. 5.) However, *Slayton* is an adequate and independent state procedural rule. *See Mu'Min v. Pruett*, 125 F.3d 192, 196-97 (4th Cir. 1997). "Federal habeas courts are precluded from reviewing any claim that 'a state court has declined to consider [on] its merits on the basis of an independent and adequate state procedural rule." *Walker v. Kelly*, 589 F.3d 127, 131 (4th Cir. 2009) (alteration in original) (*quoting Bacon v. Lee*, 225 F.3d 470, 476 (4th Cir. 2000)). Thus, the Court's July 1, 2011 Memorandum Opinion as to Claim 4 stands.

---

[12] This Rule reads in relevant part: "[T]he petition shall list . . . the specific errors in the rulings below upon which the party intends to rely. . . . Only assignments of error assigned in the petition for appeal will be noticed by this Court." Va. Sup. Ct. R. 5:17(c) (West 2010).

[13] Ensley argues in the alternative that, "[t]he ineffective assistance of counsel is what allowed everything listed under claim 1 & 2 to happen . . . ." (Pet'r's Resp. 1.) However, "Ensley's claims of ineffective assistance of counsel are defaulted and cannot serve as cause to excuse the default of any of Ensley's other claims." *Ensley*, 2011 WL 2607164, at *5 (*citing Edwards v. Carpenter,* 529 U.S. 446, 452-53 (2000)).

[14] *Slayton*, 205 S.E.2d at 682, bars claims raised for the first time on state habeas that could have been pursued on direct appeal.

8

This Court dismissed Claims 3 and 5(a) because the state court's adjudication of these claims was not unreasonable. *Ensley*, 2011 WL 2607164, at *5-6. Ensley asserts that this decision should be reconsidered because, while the claim of a *Brady*[15] violation is the same, he currently makes a different argument as to how that violation affected his case. (Pet'r's Resp. 4.) Ensley now argues that "the Commonwealth's **whole case** [was] a violation of Brady" because he was denied a fair hearing, a right to confrontation, the "right to prepare a defense in his own behalf," effective assistance of counsel, due process of law, and various constitutional rights. (*Id.*) However, these examples of various *Brady* violations, stated in Ensley's Response, mirror those considered by this Court when ruling on Claims 3 and 5(a). *Compare* (Pet'r's Resp. 4), *with Ensley*, 2011 WL 2607164, at *5-6. The Court's July 1, 2011 Memorandum Opinion as to Claims 1 through 5(a) also stands.

The July 1, 2011 Memorandum Opinion ordered Ensley to "show cause why those [Claims 5(b) & (c)] should not be dismissed as procedurally defaulted." *Ensley*, 2011 WL 2607164, at *1 (*citing Yeatts v. Angelone*, 166 F.3d 255, 261-62 (4th Cir. 1999)). The Court will now turn to these claims.

**B.    Procedural Default**

The doctrine of procedural default provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies

---

[15] *Brady v. Maryland*, 373 U.S. 83 (1963), holds that the prosecution's failure to disclose evidence favorable to the accused and material to guilt or punishment violates due process.

and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1).[16]  The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases).  However, a District Court may raise the issue of procedural default *sua sponte* where it advances judicial efficiency. *Yeatts*, 166 F.3d at 261.  Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).  As explained in the Court's prior decision, Claims 5(b) and 5(c):

> have not been presented to the Supreme Court of Virginia.  If Ensley attempted to do so now, he would be barred by section 8.01-654(B)(2) of the Virginia Code. That provision provides, in pertinent part, that a petition for writ of habeas corpus "shall contain all allegations the facts of which are known to petitioner at the time of filing . . . .  No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Va. Code Ann. § 8.01-654(B)(2).  Section 8.01-654(B)(2) constitutes an adequate and independent procedural bar under these circumstances. *See George v. Angelone*, 100 F.3d 353, 363-64 (4th Cir. 1996).

*Ensley*, 2011 WL 2607164, at *4 (internal footnotes omitted).

## C.   Claims 5(b) and 5(c) Are Procedurally Defaulted

In Claims 5(b) and 5(c), Ensley asserts that the Commonwealth's alleged transgressions during grand jury proceedings constitute "prosecutorial misconduct." (Resp. Mot. Dismiss ¶ 6; Pet'r's Resp. 6.)  Ensley admits that he did not present these claims in his state habeas proceeding. (Pet'r's Resp. 6.)  However, he contends that the "claims should be decided on the merits for the following reasons:"  (1) Ensley did not deliberately withhold the claims from the

---

[16] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (*citing Sweezy v. Garrison*, 694 F.2d 331, 331 (4th Cir. 1982)).

10

state courts; (2) the claims are newly discovered; and (3) the prosecutorial misconduct alleged

has resulted in a miscarriage of justice. (*Id.* at 6-7.)

While Ensley suggests Claims 5(b) and 5(c) are not defaulted because he did not

deliberately withhold the claims, he nonetheless fails to demonstrate that the factual basis for

these claims was not reasonably available to him at the time of his state habeas proceedings.

Thus, he fails to demonstrate why they are not defaulted under section 8.01-654(B)(2) of the

Code of Virginia. *Ensley*, 2011 WL 2607164, at * 4. Because the claims are defaulted, Ensley is

procedurally barred from raising them here absent either a showing of cause for the default and

actual prejudice resulting from it or a demonstration that failure to consider his claims will result

in a fundamental miscarriage of justice. *Breard*, 134 F.3d at 619 (*citing Coleman*, 501 U.S. at

735 n.1).

### 1.   **Cause and Prejudice**

"[C]ause" refers to "some objective factor external to the defense [that] impeded

counsel's [or petitioner's] efforts to comply with the State's procedural rule." *Strickler v.*

*Greene*, 527 U.S. 263, 283 n.24 (1999) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

The following objective factors may constitute cause: "(1) interference by officials that makes

compliance with the State's procedural rule impracticable; (2) a showing that the factual or legal

basis for a claim was not reasonably available to counsel; (3) novelty of the claim; and

(4) constitutionally ineffective assistance of counsel." *Wright v. Angelone*, 151 F.3d 151, 160

n.5 (4th Cir. 1998) (internal citations and quotations omitted).

Here, Ensley makes a bare assertion that his claims of prosecutorial misconduct are

"newly discovered" but does not explain why the factual basis for them was not reasonably

11

available during his state habeas proceedings. (Pet'r's Resp. 6.)  Ensley does not explain why

the factual basis for his claim was not available to him prior to trial, thus he has not shown

"cause" as that term is used in applying the doctrine of procedural default.  *Strickler*, 527 U.S. at

283 n.24; *United States v. Dilks*, No. 7:93-cr-00091, 2010 WL 4284829, at *4 (W.D. Va. Oct.

27, 2010) (holding that petitioner's claim of "newly discovered evidence" did not constituted

"cause" because he failed to demonstrate due diligence to discover and plead the claims in the

state court); *Bernard v. Davis*, No. 5:09-HC-2092-FL, 2010 WL 3835133, at *12 (E.D.N.C.

Sept. 29, 2010); *see also Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001) (holding that

"cause" was shown where petitioner established factors which operated to keep petitioner from

raising his claim in a state habeas petition).  Because Ensley has failed to show a cause for his

default, this Court need not address whether he was actually prejudiced by the default.  *Breard*,

134 F.3d at 620 (*citing Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995)).

## 2.   Fundamental Miscarriage of Justice

Ensley asserts that the prosecutorial misconduct alleged in his § 2254 Petition caused a

miscarriage of justice.  (Pet'r's Resp. 6-7.)  "The Supreme Court has repeatedly 'emphasized the

narrow scope of the fundamental miscarriage of justice exception," *Sawyer v. Whitley*, 505 U.S.

333, [339] (1992), and has limited it to those 'extraordinary instances,' *McCleskey* [*v. Zant*], 499

U.S. [467], 494 [(1991)], where the petitioner 'makes a proper showing of actual innocence."

*Turner v. Jabe*, 58 F.3d 924, 931-32 (4th Cir. 1995) (parallel citations omitted) (*quoting Herrera*

*v. Collins*, 506 U.S. 390, 404 (1993)); *see McBrayer v. Johnson*, No. 3:09cv411, 2010 WL

723675, at *3 (E.D. Va. Mar. 2, 2010) (Lauck, J.) (rejecting petitioner's fundamental miscarriage

of justice claim that was not a claim of actual innocence).  To prevail on a claim of actual

12

innocence, a petitioner must demonstrate factual innocence, not merely the legal insufficiency of his conviction. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

In the Petitioner's Response, Ensley fails to demonstrate factual innocence. Ensley merely asserts that without "illegal tactics" and "false testimony," there would not have been enough evidence to indict him. (Pet'r's Resp. 7.) Ensley, therefore, fails to demonstrate a fundamental miscarriage of justice in his case. Because Ensley has failed to show either cause and prejudice or a fundamental miscarriage of justice, his claims remain procedurally defaulted.

### III. CONCLUSION

For the reasons stated above, Claims 5(b) and 5(c) of Ensley's § 2254 Petition will be DISMISSED.

In his Petition for a Writ of Mandamus to Compel Discovery (Docket No. 17), Ensley insists that he be allowed to conduct discovery. A habeas petitioner must demonstrate good cause before he is allowed to conduct discovery. *Stephens v. Branker*, 570 F.3d 198, 213 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1073 (2010). "A showing of good cause must include specific allegations suggesting that the petitioner will be able to demonstrate that he is entitled to habeas corpus relief," if the facts are fully developed. *Id.* (*citing Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)). Here, Ensley seeks discovery in conjunction with claims that have already been dismissed as procedurally defaulted. (Pet. Mandamus 1-3.) Because the claims have already been defaulted, Ensley cannot demonstrate that discovery would entitle him to habeas relief. *Royal v. Taylor*, 188 F.3d 239, 249 (4th Cir. 1999); *see Stephens*, 570 F.3d at 213, *Patterson v. Johnson*, No. 3:10CV539, 2011 WL 2144568, at *4 (E.D. Va. May 31, 2011). Thus, Ensley's Petition for Mandamus to Compel Discovery (Docket No. 17) will be DENIED.

Ensley's § 2254 Petition (Docket No. 1) will also be DENIED, and the action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that McCullough is entitled to further consideration in this matter. A certificate of appealability will therefore be DENIED.

An appropriate Order will accompany this Memorandum Opinion.


                                        /s/
                                        M. Hannah Lauck
                                        United States Magistrate Judge

Date: 12-21-11
Richmond, Virginia


14